MATTER OF S——A——C——H——I——

In VISA PETITION Proceedings

VP 16–I–24802

*Decided by Acting Regional Commissioner November 18, 1958*
*Approved by Assistant Commissioner*

**Preference quota status—Section 203(a)(1) of 1952 act—Interns must meet medical requirements of State where internship will be served.**

Foreign physician coming to intern at a California hospital is not eligible for first preference quota status when neither he nor the petitioning hospital has complied with State medical requirements for the qualification and training of interns. (*Matter of L——H——*, 7 I. & N. Dec. 430, distinguished.)

### BEFORE THE REGIONAL COMMISSIONER

**Discussion:** This case comes forward on appeal from the district director's order of August 18, 1958, denying the petition on the ground that the beneficiary is not licensed by the State Board of Examiners to practice medicine in California.

The petitioner seeks first preference quota status under section 203(a)(1)(A) of the Immigration and Nationality Act for the beneficiary claiming that his services are urgently needed in the United States.

The petitioner is an institution doing business as a general acute hospital in Upland, California, with gross annual income of $1,500,-000.00. The petition seeks the beneficiary's services to perform the customary duties of a medical intern. He is to be paid approximately $150 per month for approximately 40 hours work per week.

The beneficiary is a 27-year-old single male, citizen of Italy, presently residing in Torino, Italy. He obtained his degree of Doctor in Medicine and Surgery on December 3, 1957, from the Faculty of Medicine and Surgery, University of Studies, Turin, Italy. The petitioner alleges the beneficiary has been practicing medicine in Italy.

The petitioner states that there is an acute shortage of interns in the United States, this being especially true in the case of small hospitals, the available interns being desirous of associating themselves with large teaching centers rather than small rural hospitals.

190

The United States Employment Service also advises of the shortage of interns in the United States.

The United States Employment Service's Dictionary of Occupational Titles sets forth the following definition for an intern: "Performs medical duties while serving in a hospital for a specified length of time to gain practical experience immediately following graduation from a medical school, as a requirement for license to practice medicine." The petitioning hospital is not listed in section 1330 of chapter 13, Board of Medical Examiners, as an approved hospital for the training of interns. Inquiry to the State Board of Medical Examiners, hereinafter referred to as the "Board," reveals that the petitioning hospital has not been so approved subsequent to the publishing of this list on September 11, 1957.

The California Business and Professions Code, hereinafter referred to as the "Code," in Division 2, Chapter 5, Articles 4 and 5, sets forth, among other things, the requirements an alien graduate of a foreign medical school must fulfill prior to obtaining permission to intern in an approved hospital in the State of California. Every applicant for permission to intern in a hospital must file satisfactory documentary evidence showing the following educational qualifications:

Preliminary education. A diploma from a four-year California high school, or, its equivalent.

Premedical education. A two-year resident course of college grade, including the subjects of physics, chemistry and biology, before commencing the resident course of professional instruction in medicine. Applicants matriculating in a medical school after January 1, 1954, must show the completion of a three-year course of college grade, including the subjects of physics, chemistry and biology, before commencing the resident course of professional instruction in medicine.

Professional education. A medical curriculum extending over a period of at least four academic years in a medical school, the course of study therein totaling at least 4,000 hours education in the subjects specified in the Business and Professions Code. If the applicant has studied in more than one medical school, he must file a satisfactory "Certificate of Medical Education," showing subjects, hours and number of weeks completed, certified by the proper officer of each medical school attended.

Original medical diploma, as evidence of the completion of the required medical education, must accompany the application.

Evidence satisfactory to the Board that the medical school or schools referred to are recognized by the authorities in his country as qualifying its graduates for the practice of medicine must accompany the documents.

If the above-required documentary evidence is found acceptable, the applicant will be permitted to take the written examination. No foreign graduate may intern in a hospital in the State of California unless the application is approved and he passes the written examination. When the applicant passes the written examination he will then be eligible to commence an internship in an approved

191

hospital in the State of California. Internship may be served only in hospitals approved for that service.

The petitioner advises that the beneficiary is not licensed to practice medicine in California. No evidence has been submitted to indicate that the beneficiary was found qualified for and has been granted permission by the Board to enter into internship in a California hospital. The petitioning hospital is not approved by the Board for the training of interns.

The beneficiary's qualifications as furnished by the petitioner were submitted to the Board for an opinion as to his being qualified to enter into internship upon arrival in California. The Board advised that there was insufficient evidence that the beneficiary is eligible for permission to take the written examination for permission to intern in an approved hospital in California.

Any person who unlawfully practices in the State of California is guilty of a misdemeanor under section 2141 of the California Business and Professions Code.

Counsel for petitioner in his brief states that the degree or license is not the important point, the important point being whether the beneficiary's services are urgently needed. To obtain a first preference status, an alien must be able after arrival here to perform those services qualifying him for preference status. Without permission the beneficiary may not intern in California, and if he were to so intern or practice without the required permission, he would be committing a misdemeanor. That the petitioner has urgent need for an intern qualified to practice or work as such is conceded. The beneficiary of the instant petition not having met all of the requirements of the Code, *supra*, and not having the permission of the Board, does not now qualify to perform the duties of the position sought to be filled by the petitioner and it is uncertain when or whether he will qualify. Additionally, the petitioning hospital is not approved for the training of interns.

This case is readily distinguishable from *Matter of L——H——*, 7 I. & N. Dec. 430. In that case, upon the recommendation of a hospital, a temporary license was available to the beneficiary affording her 6 months during which she could perform the services qualifying her for the preference and, in addition, place her in a position to obtain a permanent license. In the instant petition a temporary license and/or permission is not available. In the cited case the petitioner was able to utilize the alien's skill and experience to some extent under the local restrictions. In the instant case no part of the skill or experience of the beneficiary as an intern can by law be utilized by the petitioner, firstly, because the petitioner itself is not an approved hospital, and secondly, because the beneficiary is not presently qualified under the applicable State laws referred to above.

For the reasons set forth herein, the petition properly was denied by the district director.

**Order:** It is ordered that the district director's order of August 18, 1958, denying the petition for visa preference classification be affirmed.